DIAMOND STATE LOAN ASSOCIATION *vs.* CATHARINE COLLINS, surviving mortgagor, and as administratrix of DANIEL COLLINS, deceased.

*Levari Facias—Sheriff's Return—Error as to Purchaser—Deed Made to Proper Party—Amending Return—Practice— Order of Court—Consent of Parties.*

A., then Sheriff of New Castle County, under a writ of *levari facias* to November Term, A. D. 1881, sold certain real estate and made return on his writ; that he had sold said real estate to B. when in fact C. was the purchaser. The deed of the Sheriff was made to the proper party, and the grantee therein subsequently conveyed the land to another person. In June A. D. 1902, upon the petition of A. and all parties consenting thereto, the Court ordered that the petitioner be allowed to amend his return on said writ in accordance with the facts.

(*June 14, 1902.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*William S. Hilles* for petitioner.

Superior Court, New Castle County, May Term, 1902.

·   LEVARI FACIAS, No. 173, November Term, 1881.   Motion to amend Sheriff's return.

A writ of *levari facias,* No. 173, November Term, 1881, was issued to Philip R. Clark, then Sheriff of New Castle County.  The land was sold under the writ by the Sheriff, who made on the writ the following return :

" Advertised the within described real estate for sale on the twenty-fifth day of November, 1881, and sold the same to the Diamond State Loan Association for Two Hundred and Eighty Dollars.   So answers Philip R. Clark, Sheriff."

By deed poll dated the twenty-first day of December, 1881, the said Sheriff conveyed the said lands and premises unto one Joshua Maris.  The said Joshua Maris and wife by deed dated March 8, 1882, conveyed the same lands to Catharine Collins, the defendant in the execution.

On the twenty-seventh day of June, 1902, Philip R. Clark, late Sheriff, presented his petition to the Court, which was as follows :

" That your petitioner was, on the twenty-fifth day of May, A. D. 1881, and until and after the twenty-first day of December, A. D. 1881, Sheriff of New Castle County aforesaid.

" That while such Sheriff there came into his hands a writ of *levari facias,* tested the twenty-fifth day of May, A. D. 1881, being No. 173 to the November Term, A. D. 1881, of said court, said writ having been issued upon a judgment recovered by the Diamond State Loan Association, a corporation of the State of Delaware, against Catharine Collins, surviving mortgagor and administratrix of Daniel Collins, deceased, and tts.

"That in pursuance of said writ he advertised and sold the property therein mentioned unto Joshua Maris for the sum of Two Hundred and Eighty Dollars.

" That through an error and mistake of the said Joshua Maris, as your petitioner believes, your petitioner returned on said writ

that the said property had been sold to The Diamond State Loan Association, of which association the said Joshua Maris was then the attorney.

"That thereafter, to wit, on the twenty-first day of December, A. D. 1881, your petitioner, as such Sheriff, conveyed the said lands and premises unto the said Joshua Maris, by deed poll bearing date the twenty-first day of December, A. D. 1881, and recorded in the office for the recording of deeds, &c., in and for New Castle County, in Deed Record F, Volume 12, page 213, &c.

"And your petitioner prays that the said deed, or the record thereof, when produced, may be taken as part of his petition.

"That the said Joshua Maris, together with his wife, by indenture bearing date the eighth day of March, A. D. 1882, granted and conveyed the said lands and premises unto Catharine Collins, as by said indenture, recorded in the office aforesaid in Deed Record F, Volume 12, page 216, &c., appears.

"And your petitioner prays that the said deed, or the record thereof, when produced, may be taken as part of this his petition.

"That the said lands and premises are now owned by the said Catharine Collins.

"That the said Diamond State Loan Association is no longer in existence, but the books and records of said association are accessible to your petitioner.

"Wherefore your petitioner prays that he may amend his return upon the said writ by substituting in lieu of the words "The Diamond State Loan Association" the words "Joshua Maris," so that the said return may be in accordance with the facts.

"And your petitioner will ever pray," &c., &c.

Upon the petition a rule was issued directed to the Diamond State Loan Association and Catharine Collins. And the rule coming on to be heard, it was shown to the satisfaction of the Court that the purchaser at the said sale had been Joshua Maris, who was at the time the Secretary of the Diamond State Loan Association, and

that he purchased it for himself and not for the association, and that the association had no interest therein. All parties consenting thereto, the Court made the following order:

"And now, to wit, this 27th day of June, 1902, the foregoing petition having been read and considered by the Court, and the same having been heard, and all parties in interest being represented and consenting thereto, it is ordered that the prayer of said petition be granted, and that the said Philip R. Clark, late Sheriff, be allowed to amend his return on said writ in accordance with the facts."